### SAMUEL MORGAN v. IRA DAVIS.

#### Practice.   Fees for Procuring Pension.

If one claim to recover upon a contract inhibited by statute, such claim will not prevent a recovery in the same action upon other and legal grounds.

Where a law of Congress prescribed the fee of agents and attorneys for the preparation and prosecution of a claim for pension, and punished the taking of more, it was *held* that no more could be recovered, even upon the *quantum meruit*.

ASSUMPSIT. The declaration contained the general counts, and a special count on a contract for prosecuting defendant's claim against the government for a pension as a disabled soldier in the Rebellion, alleging that the plaintiff was not at the time when, &c., a pension agent. Pleas, the general issue and offset. The plaintiff's specification was for his services and money expended in and about the procurement of said pension, $400. Trial by jury, May term, 1873, BARRETT, J., presiding, and verdict for the plaintiff for $120.44 damages.

The defendant objected to the plaintiff's offering any evidence, on the ground that the United States statute made provision for the prosecution of such claims, and pointed out the way of obtaining them, and the amount of compensation to be received for such service. The court admitted the evidence subject to objection; to which the defendant excepted. The defendant also objected to plaintiff's specification, and to any evidence being received in re-

gard thereto. The court overruled the objection and admitted the evidence; to which the defendant excepted. The plaintiff testified, in substance, that he met the defendant at the hotel in Craftsbury, in the fall of 1870, and made a contract with him as set forth in his special count, to prosecute his claim for a pension against the United States government; that he was to receive for his services and all expenses attending the prosecution of said claim, one half the pension granted the defendant up to the time it was obtained, if he was successful, if not, he was not to receive anything for his expenses or services; that he employed one Loyd, of Washington, D. C., to aid him in the prosecution of said claim, and that Loyd received out of the pension money allowed the defendant, the sum of $25 for his services; that this employment of Loyd was made with the knowledge and consent of the defendant, and that Loyd's name was entered as attorney of record at the department; that he paid out $102, but the greater portion of it was for hotel bills and traveling expenses; that he was employed by firms in Boston, Mass., and spent most of his time during the months of September, October, and November of that year, in Boston. He also testified that he was prosecuting several other claims of soldiers for pensions and bounties at the same time.

The defendant testified that the plaintiff was to prosecute his claim and pay all expenses, for the sum of fifty dollars, if he was successful, if not, he was not to have anything for his services or money paid out; that previous to the commencing of this suit, he paid plaintiff said sum of fifty dollars, the receipt of which the plaintiff admitted; that when he and plaintiff were going to Island Pond together to get some affidavits, plaintiff took with him his valises containing samples of goods, and stopped along the route at stores, and tried to make sales. This the plaintiff denied. He further testified that he received as pension money the sum of $745.13, the amount of pension allowed him after deducting the $25 paid Lloyd by the pension agent.

Both parties introduced other evidence to support their respective claims, which was received without objection. No evidence was offered on either side, of the amount of labor and expense

necessary for prosecuting a claim for a pension against the government.

The defendant submitted written requests to charge, as follows :

1. "If the plaintiff agreed to and did prosecute the defendant's claim for a pension, he was his attorney, or agent, and his relation in this respect is not changed by his having employed another man to lend his name, under which he prosecuted the claim.

2. "The plaintiff cannot recover in this suit if the jury should find the contract as he claims, that he should receive one half of the pension money obtained, as the same is contrary to the United States statutes making provision for prosecuting claims for pensions.

3. "The defendant is entitled to recover under his plea in offset, all the money paid by him to the plaintiff for the procuring of his pension, over and above the statute price allowed for prosecuting pension claims."

The court declined to charge as requested, but charged that if the jury found the contract as the plaintiff claimed it, he would be entitled to recover one half of $770.13, the amount of pension allowed, less the fifty dollars he had already received ; if they found the contract as the defendant claimed it, the defendant would be entitled to recover such sum as they should allow on his plea in offset, over and above the fifty dollars paid to the plaintiff, and the $25 paid to Loyd, which was not a proper item to be allowed by way of offset ; but if they should find the contract was not as either claimed it, then the plaintiff would be entitled to a reasonable compensation for his services and expenses. To the refusal to charge as requested, and to the charge as given, the defendant excepted.

*Norman Paul,* for the defendant.

The plaintiff's right to recover must be determined by the pension laws of the United States in force at the time the contract was made and the service rendered, as his pretended claim arises by virtue of their enactments, which fully point out the method to be pursued and the compensation allowed for prosecuting claims. These statutes are mandatory, and must be strictly followed. The plaintiff admitted that he, was at the time he undertook to

obtain the defendant's pension, engaged in prosecuting other soldiers' claims for pensions and bounties against the government, which employment constituted him a claim agent, within the meaning of the law ; and his relation in this respect is not changed by his employing another man to enter his name as attorney of record at the Pension Department. U. S. Sts. 1862, p. 568, §§ 6, 7 ; Sts. 1864, p. 389, §§ 12, 13 ; Sts. 1866, p. 56, § 2 ; Sts. 1870, pp. 157, 185, §§ 7, 8 ; Sts. 1873, pp. 208, 209, §§ 31, 32.

The defendant was entitled to recover under his plea in offset, all the monies he had advanced to the plaintiff over and above the statute price allowed for establishing a pension claim ; and was entitled to a charge in compliance with his special requests, as they were in accordance with the acts of Congress relating to pensions. It was error in the court to charge that the plaintiff could recover if the jury found the contract as he claimed, as said contract was in direct violation of law. The court also erred in charging the jury that the plaintiff could recover reasonable compensation for his services if they did not find the contracts proved, as it was not claimed on trial that the plaintiff could recover, unless it was by reason of the special contract, as no evidence was offered as to the amount of time or labor spent by the plaintiff, in what would be a reasonable compensation for procuring a pension. A person who seeks to recover by reason of a breach of a special contract, so long as he professes to proceed under the contract, is not entitled to recover on a *quantum meruit*, if he fails to establish his claim. *Way* v. *Wakefield*, 7 Vt. 223 ; *Myrick* v. *Slason et als.* 19 Vt. 121 ; *Camp* v. *Barker et al.* 21 Vt. 469 ; *Sherman* v. *Champlain Transportation Co.* 31 Vt. 162 ; *Kent et al.* v. *Bowker*, 38 Vt. 148 ; *Davis* v. *Street*, 12 E. C. L. 23.

*J. J. Wilson*, for the plaintiff.

The contract declared upon is not contrary to the provisions of the pension act The compensation of $10 allowed by the act is for making the application and other necessary papers. The act does not preclude the applicant from employing his agent, or any one else, to advance necessary funds, look up and ascertain the

whereabouts of necessary witnesses, and procure their attendance. This is usually done by the applicant, but the law does not preclude his employing his agent to do the same. It is alleged in the declaration that the plaintiff was not a pension agent, and it nowhere appears that he was. But the jury have found that there was no contract between the parties as to the plaintiff's compensation. The court charged if they so found, the plaintiff was entitled to reasonable compensation. The jury have found $120 to be reasonable compensation. The charge, that if there was no contract, the plaintiff would be entitled to reasonable compensation, is unexceptionable, and it appearing by the verdict that the jury decided the case upon that ground, the judgment will not be reversed. *Fitch* v. *Peckham*, 16 Vt. 150.

The opinion of the court was delivered by

WHEELER, J.   From the evidence, the charge of the court, and the verdict, it is apparent that the jury did not find that these services were performed and expenditures made under either special contract.   Hence the plaintiff's recovery does not appear to be upon a contract that the act of Congress provides for punishing the making of.   Act of July 8, 1870, No. 141, § 8.   He appears to have claimed to recover upon such a contract.   But, although he might not be allowed to maintain an action upon a contract the making of which is made punishable, and which is not otherwise prohibited, still, the claiming to recover upon such a contract would not prevent recovering in the same action upon other grounds that are not contrary to any law.   He appears to have recovered what the jury found to be a reasonable compensation for his services and expenses rendered at the request and for the benefit of the defendant without any contract as to what the compensation should be, except what the law would imply and allow. At common law, a reasonable compensation, such as the jury gave, would be implied, and the recovery would be correct.   But these pensions are provided for by act of Congress, and not in any manner otherwise, and the compensation of persons assisting those entitled to pensions to obtain them, has at all times been the subject of regulation by law of Congress.   This appears from the

numerous acts cited on the defendant's brief. The act of July 8, 1870, before mentioned, was in force at the time when the plaintiff undertook to, and when he did, perform these services and make these expenditures. That act, § 7, provided, "That the fee of agents and attorneys for the preparation and prosecution of a claim for pension," should "not exceed in any case the sum of twenty-five dollars." Section 8 provided for punishing any agent or attorney who should "directly or indirectly contract for, demand, receive, or retain any greater compensation for his services as such agent or attorney, in any claim for pension," than was provided for in the preceding section. These two sections, placed side by side in the same statute, one allowing a fee and the other providing punishment for going beyond the fee allowed, must have been enacted with reference to a fee for the same thing, although expressed in different ways. The expression, " for the preparation and prosecution of a claim," in § 7, and that, "for his services as such agent or attorney," in § 8, were used to set forth the same idea. The idea is, the services of the agent or attorney about the preparation and prosecution of a claim for a pension, and it embraces the whole of such services. The intention of the seventh section was to limit the pay for such services to twenty-five dollars at the most, and of the eighth section to punish the taking of more. This plaintiff appears to have acted for and in behalf of the defendant about the preparation and prosecution of the claim of the defendant for a pension, and in that business he was the agent of the defendant, and came within the provisions of this act. He appears to have employed Loyd, the attorney at Washington, to aid him in the prosecution of the claim, and Loyd has received the twenty-five dollars allowed by law for the whole of that service. This money received by Loyd, paid all that the law allowed to be paid for services, and the plaintiff has no claim against the defendant left to him in that behalf.

These acts of Congress, however, apply to services of agents and attorneys, and not to expenditures made by them. The evidence tended to show that the plaintiff had made expenditures about the prosecution of this claim for the defendant. For all of such

expenditures that he actually made about this prosecution of the claim that were reasonably proper and necessary to be made, he is entitled to recover. Upon the trial he was permitted to recover reasonable compensation for both services and expenditures, while by law he was entitled to recover for the expenditures only. The amount of each cannot be ascertained from the record here, and a new trial is, therefore, necessary.

Judgment reversed, and cause remanded.